# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**THOMAS GONZALEZ,**
**D.O.C. # C05967,**

    **Plaintiff,**

vs.                                                  **Case No.  4:23cv17-WS-MAF**

**LEON COUNTY- STATE OF**
**FLORIDA, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated a case in this Court by submitting a hand-written document entitled "affidavit,"[1] ECF No. 1, in which he expressed a desire to file a "federal lawsuit." *Id.* at 1. Notably, Plaintiff did not pay the filing fee for this case or submit an in forma pauperis motion.

While in the usual case, an Order would be entered providing Plaintiff with an opportunity to correct the deficiency by doing one or the other if he

---

[1] Plaintiff's "affidavit" expressed that he wished to file two cases. ECF No. 1 at 2. Based on that filing, two cases were opened for Plaintiff - this case and case number 4:23cv18. The affidavit was filed in both cases.

wants to proceed with this case. However, judicial notice is taken of several issues which make this an unusual case.

First, Plaintiff's "affidavit" demonstrates that he seeks compensation for his "false imprisonment" over the past eleven years. *Id.* at 1-2. The law has been clearly established that one may not seek monetary damages or injunctive relief which would collaterally undermine a criminal conviction or sentence. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated). "In Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372-73, 129 L. Ed. 2d 383 (1994), the Supreme Court 'held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643, 117 S. Ct. 1584, 1586, 137 L. Ed. 2d 906

(1997) (quoted in Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003)). Put another way, "a state prisoner may not maintain an action under 42 U.S.C. § 1983 if the direct or indirect effect of granting relief would be to invalidate the state sentence he is serving." Spencer v. Kemna, 523 U.S. 1, 21, 118 S. Ct. 978, 990, 140 L. Ed. 2d 43 (1998) (quoted in Pataki, 320 F.3d at 1295).

Here, Plaintiff is currently serving a prison sentence and his asserted claim is "false imprisonment." ECF No. 1. Unless and until Plaintiff can demonstrate that his conviction has been overturned or otherwise invalidated, Plaintiff may not sue for false imprisonment.

Second, judicial notice is taken that Plaintiff has not included any allegations which demonstrate he is facing "imminent danger of serious physical injury." That is important because judicial notice is taken that Plaintiff has "three strikes" which preclude granting Plaintiff in forma pauperis status under 28 U.S.C. § 1915.

The relevant statute prohibits a prisoner from filing a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In a recent case filed in this Court, it was noted that Plaintiff already had at least three actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* case # 4:22cv129-WS-MAF. The Report and Recommendation entered in that case pointed out three cases filed by Plaintiff which were dismissed for reasons listed in § 1915(e): (1) M.D. Fla. case number 6:17-cv-00863-CEM-DCI (failure to state a claim), (2) M.D. Fla. case number 6:17-cv-01285-GKS-DCI (frivolous), and (3) N.D. Ga. Case No. 1:22-cv-00342-AT (frivolous). Thus, Plaintiff is not permitted to proceed in this Court without full payment of the filing fee unless his complaint shows that he faces imminent danger. Because Plaintiff's complaint does not do so, this case may not proceed.

It is not possible to merely provide Plaintiff an opportunity to pay the filing fee if he wants to continue this case; instead, this case must be dismissed. Dismissal should be without prejudice to Plaintiff's ability to assert the same allegations in a complaint for which he pays the full $402.00 filing fee at the time he submits the complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be

Case No. 4:23cv17-WS-MAF

dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id. "When a prisoner with three strikes is denied IFP status under § 1915(g), the proper course is to dismiss the prisoner's complaint without prejudice." Daker v. Ward, 999 F.3d 1300, 1310 (11th Cir. 2021) (citing Mitchell v. Nobles, 873 F.3d 869, 872 (11th Cir. 2017)).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on January 17, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.